# 1 : CV 00 - 1181

RECEIVED
SCRANTON
JUN 29 2000 6-30-00
PER _____ CLERK

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District MIDDLE DISTRICT OF PENNSYLVANIA | | |
|---|---|---|---|
| Name    JAMES R. PRINCE | Prisoner No. **BD-1801** | | Case No. |

Place of Confinement
SCI-HUNTINGDON, 1100 PIKE STREET, HUNTINGDON, PA 16654-1112

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| JAMES R. PRINCE | KENNETH D. KYLER, Superintendent |
| v. | of SCI-Huntingdon; and THOMAS MARINO, Lycoming Co. Dist. Attorney. |

The Attorney General of the State of:

PENNSYLVANIA

## PETITION

1. Name and location of court which entered the judgment of conviction under attack Court of Common Pleas, Lycoming County, PA: 48 W. Third Street, Williamsport, PA 17701 (570)327-2200

2. Date of judgment of conviction  June 21, 1989

3. Length of sentence  Sixteen (16) to thirty-five (35) years.

4. Nature of offense involved (all counts)  Rape and related offenses.

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   Not applicable.

_____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court __Superior Court of Pennsylvania: Middle District__

(b) Result __VACATED JUDGMENT OF SENTENCE & REMAND FOR HEARING.__

(c) Date of result and citation, if known __September 20, 1990: 583 A.2d 835 (Pa.S.)__

(d) Grounds raised __Trial counsel's failure to request inspection of victim's counseling records of rape counseling center.__

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court __Not applicable: Case remanded by lower Court.__

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court __Not applicable.__

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court __Superior Court of Pennsylvania: Middle District__

(2) Nature of proceeding __DIRECT Appeal from reinstatement of Judgment of Sentence on Remand entered November 26, 1990 (filed **pro se**).__

(3) Grounds raised __Appeal summarily dismissed prior to briefing.__

_____

(3)

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒ Not applicable.

(5) Result   Appeal QUASHED as Notice of Appeal was untimely filed.

(6) Date of result  March 6, 1991:

(b) As to any second petition, application or motion give the same information:

(1) Name of court   Court of Common Pleas, Lycoming County, PA

(2) Nature of proceeding   FIRST petition under Post-Conviction Relief Act

(3) Grounds raised   Reinstatement of DIRECT appeal rights from the
November 26, 1990 Judgement of Sentence.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result   GRANTED appeal **nunc pro tunc**: DENIED all other relief.

(6) Date of result   January 13, 1992.

**SEE REVERSE SIDE OF PAGE FOR CONTINUED PROCEDURAL HISTORY.**

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☐  No ☒  (Direct appeal granted on 1st PCRA)
(2) Second petition, etc.     Yes ☒  No ☐  (PCRA issues on 2nd Petition).

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Choose to file second PCRA petition rather than Petition for
Allowance of Appeal after Superior Court's May 3, 1994 panel
memorandum that AFFIRMED 3/22/93 trial court Order. #295HBG93.
Petitioner admits those claims are not exhausted and waived.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting
each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies
as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may
be barred from presenting additional grounds at a later date.

**11.1** Appeal taken **pro se** from the 1/13/92 trial court order to the Superior Court of PA at No. 324HBG1992: which REMANDED for appointment of counsel and notice pursuant to Pa.R.Crim.P. 1507 by panel memorandum dated January 8, 1993.

**11.2** ON REMAND to the trial court, counsel was appointed, and the trial court DENIED right to review victim's counseling records by Order entered March 22, 1993.

**11.3** Appeal was taken from the 3/22/93 trial court Order, to the Superior Court of PA at No. 295HBG1993 which AFFIRMED by panel memorandum dated May 3 1994 on the following question:

> Whether appellant, who was convicted of rape, had a right to review the records of the victim, which records were held by Wise Options for Women (WOW), a rape counseling center, in order to adequately prepare his defense?

**11.4** No Petition for Allowance of Appeal was filed to the Pennsylvania Supreme Court from the May 3, 1994 panel memorandum.

**11.5** SECOND petition under the Post-Conviction Relief Act was filed in the Lycoming County, Court of Common Pleas on June 11, 1996. Counsel was appointed and Amended Petition was filed raising four (4) grounds for relief as follows:

> **(a)** Trial counsel was ineffective for failing to file a Suppression motion to suppress the introduction into evidence of two (2) knives the Commonwealth showed to the jury;
>
> **(b)** Trial counsel should have attacked the credibility of the prosecution witnesses, the victim and a friend;
>
> **(c)** Trial counsel should have requested jury instructions 4.07 and 4.17 which challenge the credibility of witnesses such as the drunk victim and her drunk corroborating witness; and,
>
> **(d)** Trial counsel failed to attack the validity of the search of [Petitioner's] home.

**11.6** Trial court DENIED relief without hearing by Order dated April 17, 1997.

**11.7** Counseled appeal taken from the 4/17/97 order to the Superior Court of PA at No. 418HBG1997 and was DISMISSED upon the failure of counsel to file a brief for appellant by Order dated February 17, 1998.

**11.8** By Order dated March 5, 1998, the Superior Court DENIED counsel's February 18, 1998 Motion to Reinstate Appeal.

**11.9** By Order dated March 19, 1998, the Superior Court DENIED the Petitioner's **pro se** February 24, 1998 Motion to Allow [Petitioner] to Proceed Pro Se and for Extension of Time to File Brief for Appellant.

**11.10** On June 2, 1998, Petitioner filed a Petition to Reinstate Appellate Rights from the February 17, 1998 Superior Court memorandum, in the trial court: It was alleged that Petitioner did not receive notice of the February 17, 1998 final Order of the Superior Court until on or after March 19, 1998 which was beyond the time for filing reconsideration or a Petition for Allowance of Appeal to the PA Supreme Court.

**11.11** The trial court summarily DENIED the petition by Order dated June 12, 1998.

**11.12** A **pro se** appeal was taken to the Superior Court at No. 1018HBG 1998 which AFFIRMED by panel memorandum dated October 15, 1999 on the following question:

> When an application seeking reinstatement of appeal rights is founded upon alleged fraud or breakdown in the Court's operation, and the time for seeking reconsideration and allocatur has past, must the application be filed in the lower court from which the appeal was taken?

**11.13** A **pro se** Petition for Allowance of Appeal was filed at No. 1150 M.D.Allocatur Docket 1999 in the Pennsylvania Supreme Court on the same question below, and was DENIED by **per curium** Order dated February 17, 2000.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:  **Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.**

Supporting FACTS (state *briefly* without citing cases or law)  **Trial counsel failed to move to suppress introduction of 2 knives to the jury, which were not shown to be used in the crime; were intended solely to prejudice the jury; where the victim gave conflicting descriptions of the knife allegedly used during the assault; and where the police went beyond the limited scope of the warrantless consent to search Petitioner's residence without knowing and informed consent.**

B. Ground two:  **Denial of effective assistance of trial counsel for failure to challenge unlawful search and seizure.**

Supporting FACTS (state *briefly* without citing cases or law):  **Trial counsel had no reasonable strategy for not filing a Motion to Suppress the evidence seized from the Petitioner's residence which had been searched by the police through the misinformed consent of the Petitioner's wife, where the police told the wife only "clothing" was to be searched, and where the police removed 2 knives from a closed kitchen drawer which was beyond the scope of the consent.**

AO 241 (Rev. 5/85)

C. Ground three: __Denial of effective assistance of trial counsel for__ __failure to request appropriate jury instruction.__

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel failed to fully explore the victim and her friends level of intoxication at the time of the assault, through investigation and cross examination. There was no reasonable strategy for not challenging the victims credibility, and that of her corroborating friend, nor for not requesting appropriate jury instructions 4.07 and 4.17 to inform the jury of its respective standard to review the testimony.

D. Ground four __Denial of effective assistance of trial counsel for__ __failure to challenge the credibility of Commonwealth witnesses.__

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel had no reasonable strategy for not challenging the victims credibility, and that of her corroborating friend relative to their levels of intoxication during the alleged assault and failed to conduct meaningful investigation into the victim and corroborating friends alcoholic consumption and ability to accurately recall the events in question at the time of the assault.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: All raised in post-conviction petition (6/11/96). Appeal dismissed by Superior Crt., on procedural grounds (failure to file brief). Reinstatement of appeal denied by trial court, Superior Court, and Supreme Court of pennsylvania at No. 1150 M.D. All.Dkt.1999.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing   James Protasio, Esquire

   (b) At arraignment and plea   Same as listed at ¶15(a) above.

(6)

AO 241  (Rev. 5/85)

(c) At trial, and post verdict motions: Attorney James Protasio.

(d) At sentencing  Attorney William Miele, Public Defender.

(e) On appeal  Same as listed in ¶15(d) above.

(f) In any post-conviction proceeding  **1st PCRA:** Christine Waltz, George Price, Kenneth R. Gallen, Esquire. **Remand after Appeal:** William Coury **2nd PCRA:** Henry W. Mitchell, Esquire & appeal thereafter.

(g) On appeal from any adverse ruling in a post-conviction proceeding  William Coury (1st Appeal) and Henry W. Mitchell (2nd PCRA Appeal).

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Not applicable.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

June 26, 2000
(date)

_James R. Prince_
James R. Prince, #BD-1801
1100 Pike Street (SCIH)
Huntingdon, PA 16654-1112
Signature of Petitioner

(7)