IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. PRINCE,
    Petitioner,

-v-

KENNETH D. KYLER, et al.,
    Respondents.

CIVIL ACTION

NO. 1:CV-00-1181

District Judge Kane

Magistrate Judge Blewitt

FILED
SCRANTON
SEP 2 5 2000

PER _____
DEPUTY CLERK

## MOTION TO EXPAND THE RECORD
## AND OBJECTIONS TO COMMONWEALTH'S ANSWER

The Petitioner, James R. Prince, respectfully asks this Court to direct the attorney for the Respondents to expand the record pursuant to Habeas Rule 7, and to consider the objections instantly raised, based on the following statements of fact:

A. EXPANSION OF RECORD:

1. Respondent has not provided an adequate state court record to support its assertion that all of Petitioner's claims were procedurally defaulted by PCRA counsel's failure to file a Brief for Appellant in the Pennsylvania Superior Court. **Answer at 8, ¶13; and at 10.** (Note: Pages of the "Answer" are unnumbered).

2. In absence of an adequate state court record, Petitioner is unable to reference facts in support of "cause & prejudice" to excuse the alleged procedural default.

3. Respondent has not provided <u>any</u> orders, opinions, briefs or other relevant documents from the appeal in which the alleged procedural default occurred.[1] See, **Habeas Petition at ¶¶11.7 - 11.9**

4. Respondent has not provided <u>any</u> orders, opinions, briefs or other relevant documents from the June 2, 1998 Petition to Reinstate Appellate Rights filed in the trial court.[2] See, **Habeas Petition at ¶¶11.10 - 11.11**

5. Respondent has not provided <u>any</u> orders, opinions, briefs or other relevant documents from the appeal to the Pennsylvania Superior and Supreme Courts, from the trial court's June 12, 1998 Order denying reinstatement of appeal rights.[3] See, **Habeas Petition at ¶¶11.11 - 11.13**

6. Respondent has not provided a copy of petitioner's PCRA Petition filed June 11, 1996, nor a copy of the subsequent counseled Amended PCRA Petition filed by Attorney Mitchell. **Habeas Petition at ¶11.5**

---

1. Superior Court docket No. 418 HBG 97.

2. Court of Common Pleas, Lycoming docket No. 89-10,014.

3. Superior Court docket No. 1018 HBG 1998;
Supreme Court docket No. 1150 M.D. Allocatur Dkt. 1999.

7. Respondent has not provided a complete transcript of the trial testimony of the selected witnesses referenced in the Commonwealth's Answer, i.e., direct, cross-examination, redirect, and recross.[4]

8. The foregoing documents are required for this Court to conduct its independent review of the record to determine whether the state courts findings and conclusions are supported by the record, and for the petitioner to reference facts to show the Commonwealth is not entitled to a presumption of correctness and to show cause and prejudice from the alleged procedural default asserted by the Respondent. **Answer at 8, 10.**

**WHEREFORE**, pursuant to Habeas Rule 7, the petitioner respectfully requests this Court to direct the respondent to expand the record to include the foregoing stated orders, opinions, briefs, petitions and transcripts.

Respectfully submitted,

Date: Sept 19th 2000

James R. Prince, BD-1801
1100 Pike Street, SCI-Huntingdon
Huntingdon, PA 16654-1112

---

4. Specifically, respondent has provided only portions of the <u>direct</u> testimony of Officer Bowers (Answer at Exh.6-7); Officer Steven Sorage (Answer at Exh.8); and Officer Thomas Croft (Answer at Exh.10). No transcripts of the cross examination is provided, and only selected portions of the direct and cross examination of the victim is provided (Answer at Exh.5).

-3-