IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 2 5 2000
PER ___ DEPUTY CLERK

| | |
|---|---|
| JAMES R. PRINCE, <br>     Petitioner, <br><br> -v- <br><br> KENNETH D. KYLER, et al., <br>     Respondents. | CIVIL ACTION <br><br> NO. 1:CV-00-1181 <br><br> District Judge Kane <br><br> Magistrate Judge Blewitt |

## BRIEF IN SUPPORT

Rule 5 of the Rules Governing §2254 Cases reads in pertinent part as follows:

> There shall be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished...
>
> If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a **post-conviction proceeding**, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, **shall** also be filed by the respondent with the answer.

**Rule 5. Answer; Contents (emphasis added).**

The burden is squarely upon the respondent to furnish an adequate copy of the state court record with its answer to the allegations within the Petition for Writ of Habeas Corpus.

While the respondent has provided the portions of the trial transcripts which it believes to be relevant, the petitioner alleges the selected portions are too narrow, and does not include the full testimony of the chosen witnesses.

The obligation to come forward with the state court record is squarely upon the respondent, not upon the petitioner. **Bundy v. Wainwright,** 808 F.2d 1410, 1415 (11th Cir.1987); citing Advisory Committee Note to Rule 5 of the Rules Governing §2254.

In addition, Respondent has failed to provide any of the post-conviction pleadings, briefs or opinions underlying the point in time when the asserted procedural default occurred. The documents are necessary for this Court to conduct a meaningful **de novo** review of the state court record, and for the petitioner to assert grounds in support of "cause & prejudice" to excuse the loss of appeal. **Thomas v. Arn,** 454 U.S. 140, 150 n.8 (1985)

**WHEREFORE,** it is respectfully requested that this Court to direct the respondent to expand the record with the foregoing documents listed in the accompanying motion to expand, and any further documents as this Court deems relevant.

Respectfully submitted,

James R. Prince
#BD-1801
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

JRP:ase