SL 

## **AFFIDAVIT**

Under the penalties provided for within **28 U.S.C. §1746**, I hereby certify that I hand-delivered the foregoing document(s):

PETITIONER'S RESPONSE TO RESPONDENTS
PROCEDURAL DEFAULT ARGUMENT

to prison officials at SCI-Huntingdon, on this __31 ST__ day of __MAY__, 2001, **via** first class prepaid postage, and addressed to the following person(s) based on THE prisoner mail-box rule:

Clerk of Court (ORIGINAL & THREE COPIES)
U.S. District Court (M.D.Pa.)
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA 18501


Kenneth A. Osokow, Esquire (For Respondents)
First Assistant District Attorney
Lycoming County Courthouse
48 West Third Street
Williamsport, PA 17701

FILED
SCRANTON

JUN 0 4 2001

PER _____ DEPUTY CLERK

_James R. Prince_
James R. Prince
#BD-1801
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. PRINCE,
    Petitioner,

    -v-

KENNETH D. KYLER, et al.,
    Respondents.

:  CIVIL ACTION

:  NO. 1:CV-00-1181

:  (Judge Kane)

:  (Magistrate Judge Blewitt)

FILED
SCRANTON
JUN 04 2001
_____ DEPUTY CLERK

PETITIONER'S RESPONSE TO RESPONDENTS
PROCEDURAL DEFAULT ARGUMENT

The Petitioner, James R. Prince, files the instant response following receipt of the Commonwealth's supplemental state court record on May 17, 2001, and pursuant to this Court's Order dated May 1, 2001, and states the following:

A. Question Presented for Consideration:

    WHETHER THE FAILURE OF THE PROTHONOTARY OF THE SUPERIOR COURT OF PENNSYLVANIA TO SERVE TIMELY NOTICE UPON THE PETITIONER OF THE FEBRUARY 17, 1998 ORDER QUASHING THE APPEAL (**Resp.Exh.7**), AND MARCH 19, 1998 ORDER DENYING THE PETITIONER'S MOTION TO PROCEED PRO SE ON APPEAL AND FOR EXTENSION OF TIME TO FILE BRIEF, (**Resp.Exh.10**), CONSTITUTES AN OBJECTIVE AND EXTERNAL IMPEDIMENT BY COURT OFFICIALS RESULTING IN THE DENIAL OF A FAIR OPPORTUNITY TO EXHAUST HIS STATE REMEDIES, AND EXCUSE THE PROCEDURAL DEFAULT PURSUANT TO **MURRAY v. CARRIER**, 477 U.S. 478 (1986)?

**B. Factual History:**

There is no dispute that Petitioner's counseled post conviction appeal to the Superior Court of Pennsylvania at docket No. 418 HBG 97 was QUASHED by Order dated February 17, 1998, **(Resp.Exh.6)**, because of counsel's failure to file a brief, and thereby creating the alleged procedural default which the Respondents maintain bars federal habeas corpus relief. **Respondents Answer at 8-9, ¶13.**

Pursuant to inquiry by the Petitioner regarding the status of his appeal, the Prothonotary provided a copy of the docket to Petitioner dated February 12, 1998 indicating the Petitioner's brief was "past due" and should have been filed December 31, 1997. **Resp.Exh.9, Exhibit A.** Seven (7) days later, on February 19, 1998, Petitioner mailed a Motion to Allow [Petitioner] to Proceed Pro Se on Appeal and for Thirty Day Period to File Brief for Appellant, **Resp.Exh.9**, to which he appended a copy of the docket.

Unknown to the Petitioner at that time, the Superior Court had already QUASHED the appeal two (2) days earlier on February 17th.

Counsel's efforts, (Henry W. Mitchell) to have the appeal reinstated were DENIED, **Resp.Exh.7,8**, by Order dated March 5th.

Petitioner's motion to proceed **pro se** and for thirty days to file a brief was subsequently DENIED by Order dated March 19, 1998, **Resp.Exh.10.**

-2-

The Prothonotary never served Petitioner with a copy of the February 17, 1998 Order QUASHING the appeal, and upon receiving a copy of the March 19, 1998 Order denying his request to proceed **pro se**, the thirty day period of time for seeking reconsideration of, or allocatur from the February 17, 1998 Order had expired.

Petitioner then filed an Application to Grant Leave to Reinstate Appellate Rights Nunc Pro Tunc in the trial (PCRA) Court on May 31, 1998, **Resp.Exh.11**, which the Court DENIED **without prejudice**, since the Court did not believe it had the ability to grant relief to a higher court, **Resp.Exh.12**.

Petitioner perfected a timely appeal from that order to the Superior Court which AFFIRMED the trial court's order by memorandum dated October 15, 1999, **Resp.Exh.15**; and in a Petition for Allowance of Appeal to the Supreme Court of Pensylvania which DENIED allocatur by Order dated. February 17, 2000, **Resp.Exh.17**.

**C. Argument:**

The possibility of "sandbagging" is the principle reason for the procedural default doctrine. **Murray v. Carrier**, 477 U.S. 478, 490 (1986); **Engle v. Isaac**, 456 U.S. 107, 129 n.34, 133-34 (1982); and **Reed v. Ross**, 468 U.S. 1, 14 (1984).

The Supreme Court has explained that the procedural default rule is designed, on one hand, to discourage petitioner's and their lawyers from making tactical decisions to forego a pro-

-3-

cedural opportunity to raise a claim in the state courts in order to raise the claim later, for the first time, in federal court. On the other hand, the doctrine is designed to assure that state officials and the **state courts** actually **gave the petitioner a fair "procedural opportunity" to present the claim.** See, **Reed**, supra, 468 U.S. at 14; and **Amadeo v. Zant**, 486 U.S. 214, 222-24 (1988).

When a default is attributed to some "objective factor" that is "external to the defense," the courts can be assured that the default was not the result of a strategic, tactical, or "sandbagging" choice by the petitioner or his counsel and that the opportunity afforded the petitioner to raise the claim in the state courts was not sufficiently fair.

Although the Supreme Court has not yet said so in the habeas corpus context, its decisions in other contexts suggest that the "objective/external" factors capable of excusing a default may include all "extraordinary circumstances" suggesting that the party [including counsel] is faultless in causing the default or that the party was "prevented from complying by forces beyond its control." **Pioneer Invet.Serv.Co. v. Brunswick Assoc.**, 507 U.S. 380, 387-88 (1993); and **Klapprott v. United States**, 335 U.S. 601, 613 (1949)(under this approach, "cause" includes situations in which a party's or his attorney's "**ill-health**" prevented compliance with a state procedural rule).

Instantly, the Petitioner raises two alternative arguments

-4-

for this Court's consideration, based on the foregoing legal theory. **First:** Based upon post-conviction appellate counsel's Motion to Extend Time to File Brief, and Motion to Reinstate Appeal According to Order of 02/17/98, **Resp.Exh.7**, counsel was undergoing medical testing and subsequent surgery for a growth in counsel's prostrate and a hernia, both before and significantly after the December 31, 1997 briefing date.

Clearly, in light of counsel's immediate efforts to extend the time to file a brief and to reinstate the appeal once it was dismissed, there could be no doubt that counsel was not attempting to "sandbag" the issues nor did he make a strategic choice to forego the procedural opportunity of filing a brief.

**Second:** Upon learning of the past due status of his appeal, Petitioner immediately filed within 7 days of the February 12, 1998 docket entry, **Resp.Exh.9, Exhibit A**, his motion to proceed without counsel and to file his own brief. His effort was solely designed to preempt any chance the Superior Court might dismiss or quash the appeal - something that obviously happened two (2) days sooner. It is not beyond reason to believe that the Petitioner's "inquiry" into the status of the appeal, and the Prothonotary's forwarding of the February 12, 1998 computer printout of the docket, **Resp.Exh.9, Exh.A**, triggered the Order QUASHING the appeal on February 17, 1998. **Resp.Exh.6.**

However, the Prothontary never served a copy of that Order upon Petitioner, and the Order denying Petitioner's motion to

-5-

proceed **pro se** was not denied until March 19, 1998: well after the appeal had been quashed, and well beyond the time in which the Petitioner could have taken further appeal to the Supreme Court of Pennsylvania.

Accordingly, the petitioner respectfully suggests to this Court that the procedural default in failure to file a brief in the Superior Court and resulting lack of exhaustion should be deemed excused, based on record support showing counsel's actions were not deliberate due to medical illness, and/or alternatively, due to the lack of a fair opportunity for the Petitioner to file timely appeal from the order quashing his Superior Court appeal, due to the Prothootary's failure to provide timely notice of the appealable orders.

Respectfully submitted,

James R. Prince
#BD-1801
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

JRP:ase