IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. PRINCE | : | CIVIL ACTION NO. **1:CV-00-1181** |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| KENNETH D. KYLER, et al., | : | |
| Respondents | : | |

FILED
SCRANTON
JUL 0 6 2001
PER, _____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus on June 29, 2000. (Doc. 1). A show cause order was issued and, on August 25, 2000, an answer was filed. (Doc. 7). On September 25, 2000, the Petitioner filed a Motion to expand the record and objections to the Commonwealth's Answer. (Doc. 10). On March 30, 2001, an Order was issued in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), providing the Petitioner with a "Notice of Election" form. (Doc. 13). The Petitioner filed an executed Notice of Election on April 20, 2001, indicating as follows:

> I have labeled my petition as a petition under 28 U.S.C. § 2254. I choose to have the court rule on my petition as filed. I understand that I may be forever barred from presenting in federal court any claim not presented in this petition. I further understand that by doing so I lose my ability to file a second or successive petition absent certification by the Court of Appeals, and that the potential for relief is further limited in a second or successive petition.

(Doc. 14). On May 1, 2001, the Petitioner's motion to expand the record was granted and the Respondent was directed to supplement the record. (Doc. 15). The Petitioner was also afforded fifteen days from the date of the filing of the supplemental record to respond to the Respondent's procedural default argument. On May 15, 2001, the record was supplemented as ordered. (Doc. 16). On June 4, 2001, the Petitioner filed his response to the Respondents' procedural default argument. (Doc. 17). The petition is presently ripe for disposition.

The Petitioner raises the following issues in his petition:

> Ground one: "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure;"
>
> Ground two: "Denial of effective assistance of trial counsel for failure to challenge unlawful search and seizure;"
>
> Ground three: "Denial of effective assistance of trial counsel for failure to request appropriate jury instruction."
>
> Ground four: "Denial of effective assistance of trial counsel for failure to challenge the credibility of Commonwealth witnesses."

(Doc. 1, pp. 5, 6).

## I. State Procedural Background.

The following is extracted from a Memorandum of the Superior Court addressing the Petitioner's "Appeal from the Post Conviction Hearing Act March 25, 1993, in the Court of Common Pleas, Criminal, Lycoming County, No. 89-10, 014." (Doc. 7, Exhibit 1).

> Appellant James R. Prince, was found guilty of rape and related charges on June 21, 1989 after a jury trial. He was sentenced to an aggregate term of sixteen to thirty-five years imprisonment. On direct appeal appellant argued that his trial counsel was ineffective for failing to request inspection of the victim's counseling records maintained by the Wise Options for Women

2

("WOW"), a rape counseling center. A panel of this court vacated the judgment of sentence and remanded the case on September 20, 1990 for an evidentiary hearing to determine whether counsel had a reasonable basis for failing to request the records, and if not, whether the file contained such material that would have assisted appellant in the presentation of a defense. *Commonwealth v. Prince*, (18 HBG 1990, filed September 20, 1990).

Pursuant to the instructions of this court, Judge Brown conducted an evidentiary hearing and reviewed the counseling records *in camera*. On November 26, 1990, the trial court entered an order denying appellant access to the records because it found that they contain no material that would have served to assist his presentation of a defense and, therefore, counsel was not ineffective.[1] Consequently, the judgment of sentence was reinstated. A notice of appeal was filed, but this court quashed it as untimely in an order dated March 6, 1991.

On April 30, 1991, appellant filed a *pro se* petition under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*, alleging, *inter alia*, that appellate counsel was ineffective for failing to timely file an appeal of the November 26, 1990, order. Counsel was appointed and Appellant's petition was amended. After consideration of the matter, Judge Brown entered an order on January 13, 1992, granting appellant the right to directly appeal the November 26, 1990, order, *nunc pro tunc*, within thirty days. All other claims in the amended PCRA petition were deemed to be without merit and, accordingly, relief was denied without a hearing.

Because appellant's requested relief was partially denied without a hearing, the PCRA court was obligated to notify him of its order via certified mail in accordance with Pa.R.C.P. 1507(d). Due to a breakdown in the operations of the court, appellant did not learn of the court order until sometime after April 6, 1992. Upon learning of the January 13, 1992, order, appellant immediately filed an obviously untimely *pro se* notice of

---

[1] The order also denied appellant the right to cross-examine the WOW counselor regarding the contents of the file. The court found that 42 Pa.C.S.A. § 5945.1 affords sexual assault counselors a privilege not to be examined without the prior written consent of the victim.

3

appeal with this court arguing that: 1) the PCRA court's failure to properly notify him about the order excused the untimely appeal; and 2) the PCRA court erred in partially denying his requested relief. Based on its review of the convoluted procedural history of this case and the recommendations of Judge Brown in his opinion pursuant to Pa.R.A.P. 1925(a), a panel of this court granted appellant the right to appeal the November 26, 1990, order and remanded the case for appointment of counsel and notice pursuant to Rule 1507(d).[2] *Commonwealth v. Prince*, 324 HBG 1992, filed January 8, 1993).

Upon remand, Judge Brown entered an order on March 22, 1993, properly notifying appellant of the provisions of the January 13, 1992, order and appointing William Coury, III, to represent him. He was also notified that he had thirty days to file an appeal.

Appellant then filed a Statement of Matters Complained of on Appeal by and through his attorney, Mr. Coury, in which he unnecessarily alleged that original appellate counsel was ineffective for failing to timely file a direct appeal of the trial court's November 26, 1990, order (which denied appellant access to the records held by the rape counseling center). Obviously, the court addressed this issue in its order of January 13, 1990, and reiterated its finding in its opinion pursuant to Pa.R.A.P. 1925(a), but nevertheless appropriately speculated that the real issues to be appealed were whether it erred in denying appellant access to the records of the rape counseling center and whether it erred in denying appellant's requested relief under the PCRA without an evidentiary hearing. The court concluded that it did not err in either instance, and this appeal followed.

The sole issue presented on the *nunc pro tunc* appeal was "whether appellant, who was convicted of rape, had a right to review the records of the victim, which records were held by Wise Options for Women, a rape counseling center, in order to adequately prepare his defense?" (Doc. 7, p. 4). The Superior Court found no merit to the argument and affirmed the order and judgment

---

[2] The panel erroneously believed that appellant had filed prior PCRA petitions and, therefore, stated that appointment of counsel was discretionary. Nevertheless, the court directed that counsel be appointed. Thus, although this was actually appellant's first PCRA petition (and he was therefore entitled to counsel as of right), the panel's error was harmless.

4

of sentence on May 3, 1994. (*Id*. at. pp. 7,8). The Petitioner appealed to the Pennsylvania Superior Court and, on October 24, 1995, the Petition for Allowance of Appeal was denied. (Doc. 16, Exhibit 2).

On June 11, 1996, the Petitioner filed a PCRA in the Court of Common Pleas of Lycoming County. (Doc. 16, Exhibit 3). Therein, the Petitioner cited numerous instances of ineffective assistance of counsel. The Petitioner filed an Amended PCRA on August 5, 1996, "in further amplification of those meritorious issues raised in the Pro Se Petition...." *Id*.

On March 25, 1997, the Petitioner was notified that the court was of the opinion that the PCRA raised no genuine issue of fact and that the Petitioner was not entitled to PCRA relief. (Doc. 16, Exhibit 4). The Petitioner was given ten (10) days to respond to the order or the Petition would be dismissed. An order issued on April 17, 1997, denying the PCRA without an evidentiary hearing. (Doc. 16, Exhibit 5). Thereafter, on September 3, 1997, the court of Common Pleas of Lycoming County filed an "Opinion in support of order in compliance with Rule 1925(a) of the Rules of Appellate Procedure." (Doc. 16, Exhibit 5). Although the record contains no date as to the appeal to the Superior Court, it is clear that the Petitioner filed a timely appeal from the September 3, 1997, Order. It is equally clear that the appeal was dismissed on February 17, 1998, for failure to file a brief in support of the appeal. (Doc. 16, Exhibit 6). After the dismissal of the appeal, Petitioner's counsel filed a motion to extend time to file a brief, a motion to reinstate the appeal, and a supplemental motion to grant leave to file brief for Appellant. (Doc. 16, Exhibit 7). On March 5, 1998, the Superior Court issued an order denying the motion to reinstate the Appeal. (Doc. 16, Exhibit 8). The Petitioner then filed a "Motion to Allow Appellant to Proceed Pro Se on

5

Appeal and For thirty Day Period to File Brief for Appellant." (Doc. 16, Exhibit 9). On March 19, 1998, the Superior Court denied the motion on the basis that the appeal had been dismissed. (Doc. 16, Exhibit 10).

The next document was filed by the Petitioner on June 2, 1998, in the Court of Common Pleas and was entitled "Application to Grant Leave To Reinstate Appellate Rights Nunc Pro Tunc." (Doc. 16, Exhibit 11). This application was denied on June 12, 1998, without prejudice to the Petitioner to filed the motion with the Appellate court . (Doc. 16, Exhibit 12). On October 6, 1998, the Court issued an Opinion in Support of Order in Compliance with Rule 1925(a) of the Rules of Appellate Procedure. (Doc. 16, Exhibit 13). On January 12, 1999, the Petitioner filed a "Brief for Appellant" in the Superior Court. (Doc. 16, Exhibit 14). The Superior Court affirmed the Order of the Court of Common Pleas . (Doc. 16, Exhibit 15). Petitioner then filed a Petition for Allowance of Appeal. (Doc. 16, Exhibit 16). On February 17, 2000, the Petition for Allowance of Appeal was denied. (Doc. 16, Exhibit 17.

The Petitioner filed this petition in federal court on June 29, 2000.

## II. Discussion.

The Antiterrorism and Effective Death Penalty Act, enacted on April 24, 1996, revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) *citing* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, sec. 104, 110 Stat. 1214 (1996) ("AEDPA"). Title I of the Antiterrorism Act consists of the Habeas Corpus Reform Amendments (1996 Amendments). The 1996 amendments apply to cases pending on or after the date of enactment.

6

The amended provisions of § 2244(d)(1) impose additional limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations. There are four potential starting points for determining when the statute of limitations begins to run. The applicable period in the instant matter is the date on which the judgment became final by the issuance of a final decision on direct appeal or by the expiration of the time period for seeking such review. 2244(d)(1)(A); See Morris v. Horn, 187 F.3d 333, 337, n. 1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment became final on October 25, 1994, the date that the Supreme Court of Pennsylvania denied his petition for allowance of appeal. (Doc. 16, Exhibit 2). As the Petitioner's judgment became final well before the enactment of the AEDPA, he had one year from April 24, 1996, the effective date of the AEDPA, to file his petition for writ of habeas corpus in federal court. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). Therefore, the statute began to run on April 24, 1996. However, the statute was then tolled when the Petitioner filed a PCRA petition on June 10, 1996, (Doc. 16, Exhibit 3) and remained tolled until March 19, 1998, which date is thirty (30) days after the date upon which the Pennsylvania Superior Court dismissed the appeal for failure to file a brief.

While it is recognized that additional state court proceedings took place after the March 19, 1998, date, these proceedings did not operate to toll the statute of limitations, in that such filings would not have been considered to be properly filed. See Artuz v. Bennett, 531 U.S. 4, 121 S.Ct.

7

361 (2000).³ In that case, the Petitioner would clearly be out of time, as he did not file his present

---

³The statutory language governing time limitations for filing a PCRA petition is as follows:

**(b) Time for filing petition -**

(1) Any petition under this subchapter, *including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

8

federal habeas corpus petition until June 29, 2000, well after the expiration of the one-year time period.

The Petitioner failed to timely file his petition, in that he did not file the present petition until June 29, 2000. Accordingly, it will be recommended that the petition be dismissed as untimely.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as it is untimely pursuant to 28 U.S.C. §2244(d)(1)(A).

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: July 6, 2001

---

42 Pa.C.S. § 9545(b).

9

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. PRINCE,                :    CIVIL ACTION NO. **1:CV-00-1181**
                                :
        Petitioner,              :
                                :    (Judge Kane)
    v.                           :
                                :    (Magistrate Judge Blewitt)
KENNETH D. KYLER, et al.,        :
                                :
        Respondents              :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and** Recommendation dated July 6, 2001.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: July 6, 2001

2