IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. PRINCE,  :  CIVIL ACTION
    Petitioner,  :
      :  NO. 1:CV-00-1181
    -v-  :
      :  (Judge Kane)
KENNETH D. KYLER, et al.,  :
    Respondents.  :  (Magistrate Judge Blewitt)



FILED
HARRISBURG, PA
AUG 3 2001
MARY E. D'ANDREA, CLERK
Per _____

## MEMORANDUM OF LAW IN SUPPORT OF
## OBJECTIONS TO MAGISTRATE'S REPORT & RECOMMENDATION

In addition to the foregoing objections, the Petitioner additionally incorporates by reference, as if fully set forth herein, his Response to Respondents Procedural Default Argument filed on or about May 31, 2001 and pursuant to this Court's Order dated May 1, 2001.

Section 2244(d)(2) provides an exception to the AEDPA time limitation for filing a §2254 habeas corpus action. It states:

> The time during which a **properly filed** application for State post conviction **or other collateral review with respect to the pertinent judgment or claim is pending** shall not be counted toward any period of limitation under this subsection. (**Emphasis added**).

Neither the statute nor any court has yet to define what constitutes "other collateral review." In **Artuz v. Bennett**, 121 S.Ct. 361 (2000), the Supreme Court ruled that a motion to vacate a judgment of conviction was properly filed, though the motion contained claims that were procedurally barred. **Id.**, 362.

Moreover, no state court has rendered a finding that the application to reinstate appeal rights was "improperly filed." The State trial court expressly stated that it simply did not believe it had the power to order the Pennsylvania Superior Court to accept a motion for reconsideration nunc pro tunc, and denied the application <u>without</u> <u>prejudice</u> to file in that court. See, **Trial Court Opinion in Support of Order in Compliance with Rule 1925(a) of the Rules of Appellate Procedure**, 10/6/98 at docket No. 89-10014, Lycoming County Court of Common Pleas, Judge Kenneth D. Brown.

On appeal to the Superior Court, said court ruled upon the merit of the issue and made no finding that the application or appeal was improper.

Accordingly the state court record is devoid of a finding of "improperly filed" in which to support the Magistrate's R&R conclusion that the petitioner's filings after March 19, 1998 did not toll the AEDPA's limitations period.

It is averred that the petitioner's efforts to reinstate his appeal rights from the February 17, 1998 Order of the Superior Court which dismissed his counseled appeal constitutes an "other collateral review with respect to the pertinent judgment or claim" pursuant to 28 U.S.C. §2244(d)(2). The claims relate back to the issues within his post-conviction action and appeal therefrom and was presented in a more than diligent manner - in stark contrast to the dilatory actions of counsel.

Clearly, the language within section 2244(d)(2) is not restricted solely to a state post-conviction petition. It provides for an exception to the AEDPA time limitations upon "other collateral review" proceedings that are pending.

The Petitioner respectfully suggests that the Magistrate's R&R overlooks or misapprehends the nature of the state court proceedings which took place after the "March 19, 1998 date," **R&R at 7,** in that they represent further collateral review as envisioned by section 2244(d)(2).

**WHEREFORE**, the petitioner requests this court to reconsider and vacate the July 6, 2001 Report & Recommendation, and to consider and rule upon the merits of the issues presented within the habeas action.

Respectfully submitted,

Date: 7/31/01

James R. Prince
#BD-1801
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

JRP:ase

-3-