FILED
HARRISBURG
AUG - 1 2002
MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES R. PRINCE,
Petitioner

v.

KENNETH D. KYLER,
Respondent.

CIVIL ACTION NO. 1 CV-00-1181

(Judge Kane)

**MEMORANDUM AND ORDER**

Before the Court is Prince's petition for Writ of Habeas Corpus. Petitioner raises four grounds on which he asserts this court should grant his writ: (1) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (2) denial of effective assistance of trial counsel for failure to challenge unlawful search and seizure, (3) denial of the effective assistance of trial counsel for failure to request appropriate jury instructions, and (4) denial of effective assistance of trial counsel for failure to challenge the credibility of Commonwealth witnesses. On July 6, 2001, Magistrate Judge Blewitt issued a Report and Recommendation recommending that the petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Objections were timely filed. For the reasons stated herein, the petition will be dismissed.

**I. Procedural History**

Petitioner was found guilty of rape and related charges on June 21, 1989 after a jury trial. He was sentenced to an aggregate term of sixteen to thirty-five years imprisonment. The extensive procedural history is detailed in the Memorandum from the Pennsylvania Superior Court, Doc. 7, Ex. 1:

> On direct appeal [Petitioner] argued that his trial counsel was ineffective for failing to request inspection of the victim's counseling records maintained by the Wise Options for Women

("WOW"), a rape counseling center. A panel of [The Pennsylvania Superior Court] vacated the judgment of sentence and remanded the case on September 20, 1990 for an evidentiary hearing to determine whether counsel had a reasonable basis for failing to request the records, and if not, whether the file contained such material that would have assisted appellant in the presentation of a defense. Commonwealth v. Prince, (18 HBG 1990, filed September 20, 1990).

Pursuant to the instructions of this court, Judge Brown conducted an evidentiary hearing and reviewed the counseling records in camera. On November 26, 1990, the trial court entered an order denying appellant access to the records because it found that they contained no material that would have served to assist his presentation of a defense and, therefore, counsel was not ineffective.[1] Consequently, the judgment of the sentence was reinstated. A notice of appeal was filed, but this court quashed it as untimely in an order dated March 6, 1991.

On April 30, 1991, appellant filed a pro se petition under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 et seq., alleging, inter alia, that appellate counsel was ineffective for failing to timely file an appeal of the November 26, 1990 order. Counsel was appointed and Appellant's petition was amended. After consideration of the matter, Judge Brown entered an order on January 13, 1992, granting appellant the right to directly appeal the November 26, 1990, order, nunc pro tunc, within 30 days. All other claims in the amended PCRA petition were deemed to be without merit and, accordingly, relief was denied without a hearing.

Because appellant's requested relief was partially denied without a hearing, the PCRA court was obligated to notify him of its order via certified mail in accordance with Pa.R.C.P. 1570(d). Due to a breakdown in the operations of the court, appellant did not learn of the court order until sometime after April 6, 1992. Upon learning of the January 13, 1992, order, appellant immediately filed an obviously untimely pro se notice of appeal with this court arguing that 1) the PCRA court's failure to properly notify him about the order excused the untimely appeal; and 2) the PCRA court erred in partially denying his requested relief. Based on its review of the convoluted procedural history of this case and the

---

[1] The order also denied appellant the right to cross examine the WOW counselor regarding the contents of the file. The court found that 42 Pa.C.S.A. § 5945.1 affords sexual assault counselors a privilege not to be examined without the prior written consent of the victim.

recommendations of Judge Brown in his opinion pursuant to Pa.R.A.P. 1925(a), a panel of this court granted appellant the right to appeal the November 26, 1990 order, and remanded the case for appointment of counsel and notice pursuant to Rule 1507(d).[2] Commonwealth v. Prince, (324 HBG 1992, filed January 8, 1993).

Upon remand, Judge Brown entered an order on March 22, 1993, properly notifying appellant of the provisions of the January 13, 1992, order and appointing William Coury, III, to represent him. He was also notified that he had thirty days to file an appeal.

Appellant then filed a Statement of Matters Complained of on Appeal by and through his attorney, Mr. Coury, in which he unnecessarily alleged that original appellate counsel was ineffective for failing to timely file a direct appeal of the trail court's November 26, 1990, order (which denied appellant access to the records held by the rape counseling center). Obviously, the court addressed this issue in its order of January 13, 1990, and reiterated its finding in its opinion pursuant to Pa.R.A.P. 1925(a), but nevertheless appropriately speculated that the real issues to be appealed were whether it erred in denying appellant access to the appellant's requested relief under the PCRA without an evidentiary hearing. The court concluded that it did not err in either instance, and this appeal followed.

The more recent procedural history is extracted from the Magistrate's Report and Recommendation:

The sole issue presented on the nunc pro tunc appeal [in the Pennsylvania Superior Court] was "whether the appellant, who was convicted of rape, had a right to review the records of the victim, which records were held by Wise Options for Women, a rape counseling center, in order to adequately prepare his defense?" (Doc. 7, Exhibit 1, p. 4). The Superior Court found no merit to the argument and affirmed the order and judgment of sentence on May 3, 1994. (Doc. 7, Exhibit 1, pp. 7, 8). The Petitioner appealed the Pennsylvania Superior Court and, on October 24, 1995, the Petition for Allowance of Appeal was denied. (Doc. 16, Exhibit 2).

---

2 The panel erroneously believed that the appellant had filed prior PCRA petitions and, therefore, state that appointment of counsel was discretionary. Nevertheless, the court directed that counsel be appointed. Thus, although this was actually appellant's first PCRA petition (and he was therefore entitled to counsel as of right), the panel's error was harmless.

[The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L.104-132, Title I, sec. 104, 110 Stat. 1214 (1996), was enacted on April 24, 1996.]

On June [10], 1996, the Petitioner filed a PCRA in the Court of Common Pleas of Lycoming County. (Doc. 16, Exhibit 3). Therein, the Petitioner cited numerous instances of ineffective assistance of counsel. The Petitioner filed an Amended PCRA on August 5, 1996, "in further amplification of those meritorious issues raised in the Pro Se Petition..." Id.

On March 25, 1997, the Petitioner was notified that the court was of the opinion that the PCRA raised no genuine issue of fact and that the Petitioner was not entitled to PCRA relief. (Doc. 16, Exhibit 4). The Petitioner was given ten (10) days to respond to the order or the Petition would be dismissed. An order issued on April 17, 1997, denying the PCRA without an evidentiary hearing. (Doc. 16, Exhibit 5). Thereafter, on September 3, 1997, the court of Common Pleas of Lycoming County filed an "Opinion in support of order in compliance with Rule 1925(a) of the Rules of Appellate Procedure." (Doc. 16, Exhibit 5). Although the record contains no date as to the appeal to the Superior Court, it is clear that the Petitioner filed a timely appeal from the September 3, 1997, Order. It is equally clear that the appeal was dismissed on February 17, 1998, for failure to file a brief in support of the appeal. (Doc. 16, Exhibit 6). After the Dismissal of the appeal, Petitioner's counsel filed a motion to extend time to file a brief, a motion to reinstate the appeal, and a supplemental motion to grant leave to file brief for Appellant. (Doc. 16, Exhibit 7). On March 5, 1998, the Superior Court issued an order denying the motion to reinstate the Appeal. (Doc. 16, Exhibit 8). The Petitioner then filed a "Motion to Allow Appellant to Proceed Pro Se on Appeal and For Thirty Day Period to File Brief for Appellant." (Doc 16, Exhibit 9). On March 19, 1998, the Superior Court denied the motion on the basis that the appeal had been dismissed. (Doc. 16, Exhibit 10).

The next document was filed by the Petitioner on June 2, 1998, in the Court of Common Pleas [Lycoming County] and was entitled "Application to Grant Leave to Reinstated Appellate Rights Nunc Pro Tunc." (Doc. 16, Exhibit 11). This application was denied on June 12, 1998, without prejudice to the Petitioner to file the motion with the Appellate Court. (Doc. 16, Exhibit 12). On October 6, 1998, the Court issued an Opinion in Support of Order in Compliance with rule 1925(a) of the Rules of Appellate Procedure. (Doc. 16, Exhibit 13). On January 12, 1999, the Petitioner filed a "Brief for Appellant in the Superior Court. (Doc. 16, Exhibit 14).

> The Superior court affirmed the Order of the Court of Common Pleas. (Doc. 16, Exhibit 15). Petitioner then filed a Petition for Allowance of Appeal. (Doc. 16, Exhibit 16). On February 17, 2000, the Petition for Allowance of Appeal was denied. (Doc. 16, Exhibit 17).

**II. Procedural Defects of the Petition**

**A. Statute of Limitations**

The Magistrate recommended that the petition be dismissed because the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L.104-132, Title I, sec. 104, 110 Stat. 1214, enacted on April 24, 1996, revised the standard for cases challenging state convictions pursuant to 28 U.S.C. § 2254. In so doing, the Magistrate Judge recognized that the one year statute of limitations, see 28 U.S.C. § 2244(d), began to run on the effective date of the AEDPA, April 24, 1996, because the Petitioner's conviction preceded the effective date of the AEDPA. See Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000). The Magistrate Judge also recognized that the statute of limitations was tolled from June 10, 1996, when the Petitioner filed his PCRA petition, until March 19, 1998, the date thirty (30) days after the date upon which the Pennsylvania Superior Court dismissed the appeal for failure to file a brief. However, the Magistrate Judge found that the state court proceedings after March 19, 1998, did not toll the statute of limitations, because they were not "properly filed" as required by 28 U.S.C. § 2244(d)(2).

Timely filing of a PCRA petition in Pennsylvania requires:

> (b) Time for filing petition
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution and laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.
> (4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa. Cons. Stat. § 9545(b). The Magistrate Judge concluded that the petition was untimely because he determined that the state court proceedings after March 19, 1998 did not toll the statute of limitations, and thus the petition was not "properly filed" under 28 U.S.C. § 2244(d)(2). While subsequent filings were just that, subsequent, this Court agrees with the Petitioner that the proceedings of June 2, 1998 through February 17, 2000 operated to toll the statute of limitations.[3] Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Petitioner's appeal was dismissed for failure to file a brief on February 17, 1998, without prejudice to refile. Petitioner pursued the issue of whether he should be entitled to reinstate his appeal by appealing to the Superior Court then the Pennsylvania Supreme Court. Doc. 16, Ex. 15, 17. Ultimately, the Pennsylvania Supreme Court rejected Petitioner's attempt to reinstate his appeal. However, Petitioner was obligated to exhaust his state court remedies prior to seeking

---

3 These proceedings were petitioner's application to reinstate appeal rights, and the denial of the Petition for the allowance of appeal by the Pennsylvania Supreme Court. Doc. 16, Ex. 11,17.

federal habeas corpus review. See 28 U.S.C. § 2254(b)(1)(A). Therefore, these subsequent appeals are "other collateral review" under § 2244(d)(2) and the proceedings tolled the statute of limitations. Thus the petition is not time barred by the AEDPA and the Court upholds Petitioner's objections to the Report and Recommendation.

**B. State Procedural Default**

Even though the statute of limitations was tolled for "other collateral review" under § 2244(d)(2) by the proceedings after Petitioner failed to file his brief, the petition is still barred because Petitioner did not properly pursue his appeal through the state court system. Petitioner's claims suffered state procedural default when his attorney failed to file a brief in support of his PCRA petition in the Pennsylvania Superior Court. While Petitioner was represented by counsel, and it was counsel's failure to file the required brief, this alone does not excuse Petitioner's failure to press his federal claims in the state courts. The United States Supreme Court has clearly stated:

> In all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). With its ruling, the Supreme Court sought to prevent habeas petitioners from circumventing the available state appellate procedure by defaulting federal claims in state court. See id. at 732. No exception is made solely because counsel, not Petitioner, failed to meet the deadline. See id. at 752.

The Court must now consider whether the Petitioner can demonstrate cause and actual prejudice, or that the failure to consider his claims will result in a fundamental miscarriage of justice. Petitioner's procedural default occurred in a state post-conviction proceeding for which

there was no constitutional right to counsel. See Coleman, 501 U.S. at 752 (citing Pennsylvania v. Finley, 481 U.S. 551 (1989)). In the absence of a constitutional deprivation of the right to counsel, a habeas petitioner bears the risk for all attorney errors made in the course of his representation, including procedural errors. See Coleman, 501 U.S. at 752; see also Murray v. Carrier, 477 U.S. 478, 488 (1986). Because there was no constitutional deprivation of effective assistance of counsel, petitioner cannot show cause and prejudice to overcome the state procedural default. Therefore, the Petitioner is barred from federal habeas review by the state procedural default.

**III. The Merits of the Petition**

One exception to the state procedural default bar to federal habeas corpus review is where the failure to consider the claims will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. Therefore, the Court will briefly address the merits of the petition to demonstrate that petitioner is not in custody solely on the basis of procedural errors, and that the incarceration is not "fundamentally unjust." Engle v. Issac, 456 U.S. 107, 135 (1982), see also Murray, 477 U.S. at 496.

**A. Evidence gained pursuant to search and seizure**

Petitioner contends that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Specifically, he argues that the knife taken from a kitchen drawer of his home was beyond the scope of the search (for clothing) authorized by his wife. [4] Evidence with an immediately apparent incriminating character found in plain view during a lawful search may be seized. See Horton v. California, 496 U.S. 128, 136 (1990).

---

[4] The Commonwealth asserts that there were actually two searches of the residence, the first on December 13, 1988, and the second on December 19, 1998. Both searches were upon the consent of Petitioner's wife. During the first search, only articles of clothing were seized. N.T. 201-08. During the second search, the police seized the knife at issue. N.T. 213-14.

Petitioner concedes that his wife consented to the search for clothes. In their search, the police looked in drawers, including kitchen drawers, to locate clothing that may have been hidden. In their search the police found the knives, which matched the description given by the victim. N.T. 143-44. Thus the incriminating nature of the knives was apparent. The seizure of the knives was justified under the plain view doctrine, during a consensual search for clothing. The Fourth Amendment was not violated by the seizure of the knives during the consensual search.

**B. Failure to challenge search and seizure**

Because the seizure of the knives wasn't unconstitutional, counsel was not ineffective for failing to challenge the seizure. Nonetheless, the petitioner contends that the failure to challenge the introduction of the knives as unduly prejudicial denied him effective assistance of counsel. However, Habeas relief is governed by 28 U.S.C. §2254(d)(1) which precludes relief unless the adjudication by a state court of a federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The determination of whether counsel was ineffective is determined by the application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant is required to demonstrate that counsel's errors undermined the reliability of the verdict such that absent the error a reasonable probability existed that the outcome of the proceedings would have been different. See id. at 687. The Commonwealth Court of Pennsylvania noted in its Opinion and Order of the PCRA petition, that the outcome of the trial would not have been different even if the knives should not have been put into evidence. That court found, that by the admission of the knives, the truth determining process was not so undermined that a reliable determination of guilt or innocence could not have taken place.[5] See

---

[5] The fact that the victim could not state with certainty that the knife seized was the one used in the commission of the crime goes to the weight and not the

doc. 7, Ex. 3. This Court agrees. Applying Strickland, Petitioner was not denied effective assistance of counsel for any potentially prejudicial effect of allowing the knives into evidence. Nor was petitioner denied effective assistance of counsel for failure to challenge the valid seizure.

**C. Failure to request jury instructions**

Petitioner contends that he was denied effective assistance of trial counsel for failure of trial counsel to request Pennsylvania Suggested Standard Jury Instructions §4.07 (Crim) and §4.17 (Crim). Pa. S.S.J.I. §4.07 is applicable only when identity is at issue and the identifying witness did not have a good opportunity to observe the individual identified, or had previously failed to identify the individual. There was no issue concerning identification in this case. The sole issue for the jury was whether the defendant committed the acts alleged by the victim. Petitioner did not argue that he was not with the victim on the night in question, but rather that his advances were consensual. Furthermore, the victim identified Petitioner out of a photo array prior to trial. See N.T. at pp. 138-141. Thus, Petitioner was not entitled to Pa. S.S.J.I. §4.07, and the failure to request the instruction was not prejudicial.

Regarding Pa. S.S.J.I. §4.17, the court did give instructions to the jury regarding the credibility of witnesses similar to those of Pa. S.S.J.I. §4.17. The instruction given at trial informed the jury that they had "the sole responsibility of deciding whether the testimony of each witness in this case is truthful and accurate and is to be believed or disbelieved in whole or in part." N.T. at p. 374. The instructions also listed factors that the jury might consider in making their determination. N.T. at pp. 374-75. The substance of the instruction was sufficient, even if

---

admissibility of the knife. It should also be noted that Officer Bower testified that the knife seized from the Petitioner's residence matched the description of the knife given by the victim. N.T. 143-44.

the language was not verbatim from the standard instruction. The distinctions between the standard instructions and those given by the trial court do not meet the petitioner's burden for a constitutional claim for "denial of effective assistance of trial counsel" under the arduous standard set forth in Strickland.

**D. Failure to challenge the credibility of witnesses**

Finally, Petitioner contends that he was denied effective assistance of counsel by trial counsel's failure to challenge the credibility of the Commonwealth's witnesses. However, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." Strickland, 466 U.S. at 690. Petitioner is required to demonstrate that counsel's errors undermined the reliability of the verdict such that absent the error a reasonable probability existed that the outcome of the proceedings would have been different. See id. at 687. The record indicates that there was light consumption of alcohol by the victim and her corroborating witness, N.T. at pp. 76-78, that Officer Bowers and Mr. Kessinger testified that they did not believe that the victim was intoxicated, N.T. at pp. 37, 148, 174, and that if anyone was intoxicated it was the Petitioner. N.T. at pp. 233, 261-62, 265. The record indicates that counsel's decision not to challenge the witness' credibility was "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687.

**IV. Conclusion**

For the reasons discussed above, the Court finds that the Petitioner's writ is barred from habeas corpus review by the state procedural default. Even if there had been no such default, Petitioner's claims fail on the merits. Therefore the Petitioner will be dismissed.

**III. Order**

Accordingly, **IT IS ORDERED THAT** the petition for Writ of Habeas Corpus is **DISMISSED**. The Clerk of Court shall close the file.

Yvette Kane
United States District Judge

Dated: 1 August, 2002