IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES R. PRINCE,<br>Petitioner | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 1 CV-00-1181 <br> : |
| KENNETH D. KYLER,<br>Respondent. | :    (Judge Kane) <br> : |

FILED
HARRISBURG
OCT 1 8 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## ORDER

Pursuant to an order from the United States Court of Appeals for the Third Circuit (Doc. No. 28), this Court must either issue a certificate of appealability or state the reasons why a certificate should not issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons contained in the August 1, 2002, Memorandum and Order (Doc. No. 23), this Court determined the four grounds for Petitioner's Writ of Habeas Corpus were without merit. Petitioner has not challenged any of these grounds and the Court is persuaded that reasonable jurists would not find the conclusions made in the August 1, 2002 Memorandum and Order debatable or wrong. Petitioner has, therefore, failed to make a substantial showing of the denial of a constitutional right as to any of the four grounds raised in his petition for a writ. Accordingly, a certificate of appealability shall not issue on these grounds.

The Court notes that Petitioner has alluded to an issue on appeal that was not raised in his original petition for a writ. In his Affidavit Accompanying Motion for Permission to Appeal in

Forma Pauperis (Doc. No. 25), he avers that "the District Court erred by not granting Appellant's motion to expand the Record to include records from the state court that would show factors external to the defense was the cause of an alleged procedural default." Id. There is no record of any such motion on the Court's docket. There was, however, a similarly titled Motion to Expand the Record and Objections to Commonwealth's Answers (Doc. No. 10) which was granted May 1, 2002 by Magistrate Judge Blewit. Therefore, Petitioner had an opportunity to show the cause and prejudice required to excuse a procedural default when he filed a document entitled Petitioner's Response to Respondents Procedural Default Argument (Doc. No. 17). In that document he argued that his counsel's ill-health was the reason for procedural default. Attorney illness does not constitute cause external to the defense required to excuse his procedural default. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (noting that cause must rise above the level of attorney incompetence or inadvertence and citing the unavailability of a legal basis for a claim at the time of filing or interference by officials that makes compliance impracticable as examples of cause external to the petitioner).

Regardless of the merits of Petitioner's arguments concerning the cause for procedural default, his assertion of the Court's error is immaterial since his petition for writ was dismissed on the dual grounds of procedural default and failure on the merits. This Court explicitly stated in the August 1, 2002, Memorandum and Order, that not only was Petitioner's writ barred from habeas corpus review by state procedural default, but "[e]ven if there had been no such default, Petitioner's claims fail on the merits." Doc. No. 23 at 11.

Accordingly, the Court finds the are no grounds to issue a certificate of appealability and

**IT IS ORDERED THAT**:

1) No certificate of appealabilty shall issue;

2) The Clerk of Court shall close the file;

3) The Clerk of Court shall forward the Record to the Clerk of the Court of Appeals for the Third Circuit.

_____
Yvette Kane
United States District Judge

Dated: ____15 Oct____, 2002.