OFFICE OF THE CLERK

*1 to Ct*

**MARCIA M. WALDRON**
CLERK

**UNITED STATES COURT OF APPEALS**
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

Harrisburg_____Clerk of District Court          Date___4/30/03_____
(District)

Prince v. Kyler et al._____          C. of A. No. ___02-3406___
(Caption)

James R. Prince_____
(Appellant)

00-cv-01181  *J. Kane*____          **RECEIVED**
(D.C. No.)                                              MAY 0 5 2003

Enclosures:                                              MARY E. D'ANDREA, CLERK

__4/30/03_____ Certified copy of C. of A. Order by the **Court**/Clerk
(Date)

_____ Released (Record) (Supplemental Record - First - Second - Third)

_____ Copy of this form to acknowledge receipt and return to C. of A.

_____ Record not released at this time until appeal(s) closed at No.(s)_____
_____

_____ Please forward Certified List in Lieu of Record to this office.

_____ The certified copy of order issued as the mandate on_____
is recalled.

            Charlene Crisden____ (267)-299-_4923___
            Deputy Clerk          Telephone Number

*ack'n'd
5-5-03*

                              Rev. 3/13/00
            Appeals (Certified List in Lieu of Record)

April 24, 2003

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **02-3406**

JAMES R. PRINCE

VS.

KENNETH D. KYLER, ET AL.

(M.D. PA. CIV. NO. 00-CV-01181)

FILED

MAY 0 5 2003

MARY E. D'ANDREA, CLERK
PER _____ HBG, PA. DEPUTY CLERK

Present:     SCIRICA, BARRY AND AMBRO, CIRCUIT JUDGES

> Submitted is Appellant's notice of appeal, which may be construed as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1) in the above-captioned case.

> Respectfully,

> Clerk

MMW/RAW/clc

_____ORDER_____

The foregoing notice of appeal is treated as a request for a certificate of appealability, and so treated, is denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Appellant's claim of an unconstitutional search and seizure is not cognizable on federal habeas review. See Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir. 1994)(quoting Stone v. Powell, 428 U.S. 465, 494 (1976)). Appellant's remaining claims of ineffective assistance of counsel are procedurally barred from federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A True Copy:

_____
**Marcia M. Waldron,**
**Clerk**

Dated:   April 30, 2003

CLC/CC: JRP
         KAO

By the Court,

_____
Circuit Judge

1